IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00581-M-BM

MEREDITH WENDELL, et al.,

    Plaintiffs,

v.

FRANKLIN COUNTY, et al.,

    Defendants.

ORDER

Underlying this action are Plaintiffs' broad allegations that the North Carolina Department of Social Services ("DSS") and Franklin County Child Protective Services ("FCCPS"), used inaccurate, incomplete, or fraudulent information during the investigation, removal, custody, or foster care of plaintiffs' children. *See generally* DE 1-1 at 1–24. Plaintiffs Meredith Wendell and Robert Terry ("Plaintiff Parents"), appearing *pro se*, filed an eleven-count complaint seeking relief for that alleged misconduct on behalf of themselves and their four minor children, J.M.T., R.R.T., J.E.T., and L.J.T. ("the Minor Children"). DE 1. Because Plaintiffs seek to proceed *in forma pauperis*, the court referred this matter to United States Magistrate Judge Brian S. Meyers pursuant to 28 U.S.C. § 636(b)(1) to conduct a frivolity review and prepare a Memorandum and Recommendation ("M&R"). Pending before the court is that M&R. DE 8.

Judge Meyers issued the M&R on April 23, 2025. Accordingly, objections were due on or before May 12, 2025. DE 8; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Local Civil Rule 72.4(b). Plaintiffs submitted objections on May 12, 2025. DE 9, 10. But, because those objections did not comply with the court's local rules, the court directed Plaintiffs to re-file "an objection that complies with the page and word limits set forth in the Local Rules no later than

August 22, 2025." DE 11 at 1. The court specifically highlighted the local rules' requirements that any objection not "exceed 10 pages in length or 2800 words." DE 11 at 1. On August 22, 2025, Plaintiffs filed another document containing their objections which, although 16 pages in length, purports to "contain[] 2,789 words." DE 12 at 15. The M&R and Plaintiffs' objections were submitted to this court for disposition on August 29, 2025.

## I. Plaintiffs' Factual Allegations

The following is based on the allegations in the complaint and is not a factual finding on the part of the court. On September 3, 2020, FCCPS received a "report" of child abuse and contacted Plaintiff Parents on September 4, 2020. DE 1-1 ¶¶ 1–2. Over the next month, Plaintiff Parents and the Minor Children met several times with FCCPS caseworkers before DSS "assumed nonsecure custody" of the Minor Children on October 15, 2020. DE 1-1 ¶ 3. Plaintiffs allege that the initial written "removal order" relied on allegedly false or fabricated information to justify the Minor Children's removal. DE 1-1 ¶ 4. It appears that at some point prior to December, 2020, Plaintiff Parents regained (at least partial) custody of the Minor Children, and then lost it again. *See* DE 12 at 3 ("Less than 24 hours later, [Defendants] Maxwell and Hamlett executed retaliatory second removal . . . .").

During that interim time, Plaintiff Parents and the Minor Children were staying together in a motel room where Defendant Maxwell, an FCCPS Caseworker, visited the family. DE 1-1 ¶ 20. At that visit, it became apparent that at least one child had a soiled diaper and, before changing the diaper, one of the Plaintiff Parents asked Defendant Maxwell to look away "for privacy reasons." DE 1-1 ¶ 24. Defendant Maxwell declined, noting that she wanted to make sure the child did not have diaper rash. DE 1-1 ¶ 25.

2

It also appears that, at various points during the custody proceedings, Plaintiff Parents disagreed with medical providers over the course of care for at least one of the Minor Children. *See* DE 1-1 ¶¶ 36–65. In particular, Plaintiffs allege that a providing doctor observed the child "Fail[ed] to Thrive," meaning the child was not growing enough, and sought to prescribe a medication to treat the child's acid reflux. DE 1-1 ¶ 41. Plaintiff Parents disagreed with that course of care and instead gave the child a high calorie formula—a decision which they repeatedly defended to FCCPS workers as part of their "constitutional and God-given right" as parents to "decide what is best for their child." *See* DE 1-1 at ¶ 67.

While the complaint is unclear as to the specifics, it does appear that Plaintiffs regained custody of their children in October, 2022. DE 1-1 ¶ 17. Plaintiffs then filed the instant eleven-count complaint on behalf of themselves and their minor children.

## II. Applicable Standards

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After allowing a party to proceed in forma pauperis, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is "frivolous or malicious," "fails to state a claim upon which

3

relief can be granted," or "seeks monetary relief from an immune defendant, and is thereby subject to dismissal." 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional . . . ." (citations omitted) (cleaned up)). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Discussion

Judge Meyers makes four recommendations. First, Judge Meyers recommends dismissing any claims brought *pro se* on behalf of the Minor Children. DE 8 at 6. Second, and relatedly, Judge Meyers specifically recommends dismissing any Fourth Amendment claims brought on behalf of the Minor Children, but allowing Plaintiff Parents' Fourth Amendment claims to proceed. DE 8 at 7–9. Third, Judge Meyers liberally construes Plaintiff's factual allegations as supporting nine allowable claims- three under 42 U.S.C.§ 1983 and six under North Carolina law. DE 8 at 9–12. Fourth, to the extent any claim remains after accepting the first three recommendations, Judge Meyers recommends dismissing such claims. DE 8 at 12.

Beginning with the minor children, Judge Meyers recommends dismissing all claims brought on behalf of the Minor Children because "[t]he Fourth Circuit has rejected the right of individuals to litigate *pro se* on behalf of others, even with respect to a non-attorney parent's claims on behalf of their minor children in federal court." DE 8 at 6 (quoting *Braun on behalf of C.B. v. North Carolina*, No. 3:23-MC-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023)); *see also Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.") (citations omitted). Plaintiff Parents do not object

4

to Judge Meyers' recommendation. *See* DE 12 at 1 ("Plaintiffs . . . object to the . . . M&R . . . which incorrectly recommends converting constitutional violations to state tort claims."). And Plaintiff Parents explicitly request that the court "grant [an] extension for minor children to obtain counsel." DE 12 at 15. Accordingly, the court reviews this recommendation for plain error and, finding none, accepts it as its own. The claims brought on behalf of the Minor Children are DISMISSED WITHOUT PREJUDICE.

Regarding the request that the court grant an extension of time for minor children to obtain counsel, it is not clear to the court what relief Plaintiff Parents seek. The court cannot, for example, extend the statutes of limitations on any of the Minor Children's potential claims. And the court will not hold this matter in abeyance until the Minor Children can be represented by counsel. As such, that request is DENIED AS MOOT.

Plaintiffs object to Judge Meyers' remaining three recommendations. *See generally* DE 12. The table below illustrates each of Plaintiffs' claims and Judge Meyers' recommended disposition.

| Plaintiff's Original Claim | Judge Meyers' Recommendation |
| --- | --- |
| Count 1: Investigatory and Administrative Conduct | Allow to proceed as a state law negligence claim |
| Count 2: Fourth Amendment, Strip Search | Dismiss because this claim is brought on behalf of minor children |
| Count 3: Fourth Amendment, Other Claims | Allow to proceed as a § 1983 claim alleging a Fourth Amendment violation arising out of the search of Plaintiffs' motel room |
| Count 4: Fourteenth Amendment | Allow to proceed as a § 1983 claim alleging a Fourteenth Amendment violation |
| Count 5: First Amendment/Retaliation | Allow to proceed as a § 1983 claim alleging a First Amendment retaliation claim |
| Count 6: Failure to Train and/or Supervisory Liability | Allow to proceed as both a § 1983 *Monell* claim and a state law negligent supervision claim |
| Count 7: Failure to Reasonably Adhere to NC Child Welfare Policy | Allow to proceed as a state law negligence claim |

| Count 8: Conspiracy | Allow to proceed as a state law conspiracy claim |
|---|---|
| Count 9: FABRICATED EVIDENCE & FRAUD | Allow to proceed as a state law fraud claim |
| Count 10: Defamation | Allow to proceed as a state law defamation claim |
| Count 11: Infliction of Emotional Distress | Allow to proceed as state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress |

Plaintiffs do not object to Judge Meyers' recommendation that the court find the following claims as non-frivolous: a § 1983 claim alleging a Fourth Amendment violation arising out of the search of Plaintiffs' motel room, a § 1983 claim alleging a Fourteenth Amendment violation, and a § 1983 claim alleging a First Amendment retaliation claim. As such, the court reviews that recommendation for clear error and, having found none, ADOPTS IT AS ITS OWN.

As the above table indicates, Judge Meyers has recommended dismissing Plaintiffs' "Count 2: Fourth Amendment Strip Search," DE 1-1 at 4–5, because "while parents can assert a Fourteenth Amendment due process claim related to their right to parent their children, they cannot raise Fourth Amendment claims with respect to conduct directed at their children," DE 8 at 9; *see also, e.g., Nelligar v. Clark*, No. 10 CIV. 743 KBF, 2012 WL 6204226, at *9 (S.D.N.Y. Dec. 7, 2012) ("Fourth Amendment rights are personal and cannot be asserted vicariously . . . [;] [w]hile parents sometimes have the right to challenge Fourth Amendment violations on behalf of their children . . . , parents acting pro se may not bring actions on behalf of their children . . . ."). Although they style it as an objection, Plaintiffs seemingly agree, arguing that "this claim is properly rebranded as a parental Fourteenth Amendment claim[] protecting [Plaintiff Parents'] own liberty interest in directing the care and upbringing of their children." DE 12 at 6. Accordingly, Plaintiffs have not objected to Judge Meyers' recommendation that this court dismiss any claims alleging violations of the Minor Children's Fourth Amendment Rights. Having

6

reviewed that recommendation for clear error, and finding none, the court ADOPTS IT AS ITS OWN. Count 2 is DISMISSED WITHOUT PREJUDICE. While Plaintiffs argue Count 2 is a § 1983 claim for their own rights as parents, that claim is not reflected in their complaint, which is the operative pleading. Should Plaintiffs wish to amend their complaint to add such a claim, they may seek the court's leave to so do.

Plaintiffs also object strenuously to Judge Meyers' recommendation that this court allow Plaintiffs to bring six claims under North Carolina state law. Plaintiffs instead explain that they intended to allege constitutional violations and bring those claims under 42 U.S.C.§ 1983. *See, e.g.,* DE 12 at 7 ("Counts 1, 7, 9: Casework Misconduct as Constitutional Violations"), 9 ("Emotional Distress and Defamation as § 1983 Claims"), 10 ("Conspiracy Claims Under § 1983"), 14 ("CRITICAL DISTINCTION: § 1983 VERSUS STATE TORT LAW"), & 15 ("Plaintiffs respectfully request this [c]ourt . . . reject conversion to state torts allowing all § 1983 claims to proceed . . . ."). This leaves the court in something of a tricky position. Judge Meyers has recommended allowing certain of Plaintiffs' claims, such as "Failure to Reasonably Adhere to NC Child Welfare Policy," DE 1-1 at 16, "Defamation," DE 1-1 at 22, or "Infliction of Emotional Distress," DE 1-1 at 22, to proceed as the state law claims which they naturally, and appropriately, appear to be. Plaintiffs have rejected that suggestion and instead claim they should be allowed to bring these claims under 42 U.S.C.§ 1983. DE 12. As such, the court will consider *de novo* whether Plaintiffs' remaining claims, which they insist are § 1983 claims, are frivolous.

The court begins with "Count 1: Investigatory and Administrative Conduct," which Judge Meyers recommended allowing as a non-frivolous claim when construed as a negligence claim under North Carolina law. As an initial note, "Investigatory and Administrative Conduct" is not a cognizable cause of action; it is, at best, a description of the underlying facts. Plaintiffs bring this

7

claim against Defendants "Franklin County, Joy Lassiter, Lavenia Maxwell, Jeanette Richardson, Tearra Hamlett, Cheryl Rader and any other agents who are found to be involved in the investigation, casework and administrative process," for those Defendants' allegedly "flagrantly deficient casework shown by multiple policy violations." DE 1-1 at 1, ¶ 19. As Judge Meyers correctly noted, Count 1 "do[es] not identify the specific legal standard under which it purport[s] claims arise." DE 12 at 10. And Judge Meyers is also correct that Count 1 has some hallmarks of a negligence claim; for one, it accuses the named Defendants of failing to act in a "reasonable" manner or as expected of "reasonable official[s]." *See, e.g.,* DE 1-1 ¶¶ 7, 8. But Plaintiffs insist Count 1 is a § 1983 claim alleging "deliberate fabrication [which] violates Due Process," and "Fourth Amendment violations through false certifications." DE 12 at 7, 8.

The court will not force Plaintiffs to bring a claim they have disavowed and, as such, rejects Judge Meyers' recommendation that this be construed as a state law negligence claim. The court will, instead, construe Count 1 as a § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity." *See Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). But because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," Count 1 is DISMISSED as to defendant Franklin County. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Next is Count 6: Failure to Train and/or Supervisory Liability, which Plaintiffs bring against Defendants "Franklin County, Director Nikki Perry, Assistant Director Andy Payne[,] and supervisors Hamett and Richardson." DE 1-1 at 14. Judge Meyers recommends bifurcating Count 6 and allowing it as both a § 1983 *Monell* liability and as a state law negligent supervision claim. Because "[a] municipality cannot be held liable under § 1983 on a *respondeat superior* theory . . .

8

for an injury inflicted solely by its employees or agents," so-called *Monell* liability will attach under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 691, 94. "[N]egligent supervision [is] . . . an independent tort based on the employer's liability to third parties," under which liability attaches when an "incompetent employee commit[s] a tortious act resulting in injury to plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency." *Smith v. Privette*, 128 N.C. App. 490, 494 95, 495 S.E.2d 395, 398 (1998) (citations omitted). Plaintiffs have not specifically objected to this; instead, their objections contain arguments for a *Monell* liability allegation alongside their broader arguments that Judge Meyers thematically erred by "converting constitutional claims to state torts." *See* DE 12 at 13, 14.

Again, the court will not force Plaintiffs to bring claims they have explicitly disavowed and, therefore, rejects Judge Meyers' recommendation that it construe Count 6 partly as a state law negligent supervision claim. The court will construe Plaintiffs' Count 6 as a § 1983 claim alleging *Monell* liability against Franklin County. But because "an individual employee cannot be liable under a *Monell* theory of liability," Count 6 is DISMISSED as to Defendants Perry, Payne, Hamett, and Richardson. *See M.A. v. Cnty. of San Bernardino*, No. EDCV20283JFWSHKX, 2021 WL 4706716, at *11 n.16 (C.D. Cal. June 24, 2021) (collecting cases).

Next is Count 7: Failure to Reasonably Adhere to NC Child Welfare Policy, which Plaintiffs bring against all Defendants. DE 1-1 at 16. Judge Meyers recommends combining this with Count 1 and construing the two as a state law negligence claim. As explained above, Plaintiffs object to that recommendation and insist that this is a § 1983 claim. However, as Judge Meyers correctly explained regarding Counts 1 and 7, "[i]t is unclear whether each of these counts is

9

intended to represent a separate legal claim, or is simply intended to allege additional facts or legal theories that may sound in other legal claims." DE 8 at 10. As such, the court will combine Count 7 into Count 1's § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity." *See Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). To the extent Plaintiffs intended Count 7 to be a separate § 1983 claim arising out of the Defendants' alleged failure to "Reasonably Adhere to NC Child Welfare Policy," DE 1-1 at 16, that claim is DISMISSED, *see Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("It is well established that the mere existence of a state rule does not necessarily create an interest protectable by the Due Process Clause, and that, therefore, a state does not necessarily violate the Constitution every time it violates one of its rules.").

Next is Count 8: Conspiracy; Plaintiffs do not identify the Defendants against whom they bring this claim. *See* DE 1-1 at 18. Judge Meyers recommends construing this as a state law conspiracy claim. DE 8; *see also Privette v. University of North Carolina,* 96 N.C.App. 124, 139, 385 S.E.2d 185, 193 (1989) (stating the elements of a civil conspiracy). Plaintiffs strongly object to that recommendation and insist that Count 8 makes out a § 1983 conspiracy claim. The court will accept Plaintiffs' description of the claim they intended to bring and review it for frivolity. "To establish a civil conspiracy under § 1983, [Plaintiffs] must present evidence that the [Defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiffs'] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W.Va.,* 81 F.3d 416, 421 (4th Cir. 1996). Plaintiffs have not alleged sufficient facts to support such a claim. Instead, Plaintiffs have simply assumed a conspiracy based on the number of alleged actors and those actors' association with one another. *See* DE 1-1 ¶ 113 ("Considering

10

the number of people involved and how everyone was aware of each other's conduct and they all stood in agreement of each other . . . , a conspiracy to deprive the Plaintiffs of their rights was very likely underfoot."). But such an assumption is insufficient; "[m]ere similarity of conduct by various persons and the fact that they have associated with each other and have assembled together and discussed common aims and interests is not necessarily sufficient to prove a conspiracy." *See Precision Piping & Instruments, Inc. v. E.I. duPont De Nemours & Co.*, 707 F. Supp. 225, 229 (S.D.W. Va. 1989). Accordingly, Count 8 is DISMISSED.

Finally, the court will address Count 9: Fraud, DE 1-1 at 20, Count 10: Defamation, DE 1-1 at 22, and Count 11: Infliction of Emotional Distress, DE 1-1 at 22, together. As explained above, Judge Meyers has recommended construing each of these as the tort claims with whom they share a name. Plaintiffs object, insisting that each of these is a § 1983 claim. *See* DE 12 at 7 ("Counts 1, 7, 9: Casework Misconduct as Constitutional Violations") & 9 ("Emotional Distress and Defamation as § 1983 Claims"). As Plaintiffs appear to combine Count 9 with Counts 1 and 7, the court will DISMISS it for the same reasons it did Count 7. Additionally, Counts 10 and 11 are DISMISSED because "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *see also Garrett v. Aube*, No. CV 8:18-1449-MGL-JDA, 2018 WL 3628848, at *2 (D.S.C. May 31, 2018), *report and recommendation adopted,* No. CV 8:18-1449-MGL-JDA, 2018 WL 3619823 (D.S.C. July 30, 2018) ("Although state law provides for a right of action for slander or defamation, an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983.") (citing *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976); *Blanco v. Success Acad. Charter Schs., Inc.*, 722 F. Supp. 3d 187, 217 n.19 (S.D.N.Y.

11

2024) ("There is no recognized claim for intentional infliction of emotional distress under section 1983.") (citation omitted).

## IV. Conclusion

Thus, all claims on behalf of the Minor Children, specifically including Count 2, are DISMISSED WITHOUT PREJUDICE. The court has accepted Judge Meyers' recommendations and liberally construed Count 3 as a § 1983 claim alleging a Fourth Amendment violation arising out of the search of Plaintiffs' motel room, Count 4 as a § 1983 claim alleging a Fourteenth Amendment violation, and Count 5 as a § 1983 claim alleging a First Amendment retaliation claim. The court has rejected Judge Meyers' recommendation as to Counts 1 and 6. Instead, the court has liberally construed Count 1 as a § 1983 claim alleging a violation of Plaintiffs' Fourteenth Amendment right not to be deprived of liberty as a result of the fabrication of evidence by a government officer during an investigation and Count 6 as a § 1983 claim alleging *Monell* liability. Each of those claims clears the frivolity bar set out in 28 U.S.C. § 1915(e)(2)(B). All remaining claims do not; as such, Counts 7, 8, 9, 10, and 11 are DISMISSED.

SO ORDERED this 4Th day of June, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

12